NOT FOR PUBLICATION                                    (Docket Entry No. 16)

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**
**CAMDEN VICINAGE**

_____
                              :
ROBERT A. JONES, o/b/o        :
himself and all others        :
similarly situated,           :
                              :
          Plaintiff,          :   Civil No. 05-5600 (RBK)
                              :
     v.                       :   **OPINION**
                              :
COMMERCE BANCORP, INC.;       :
COMMERCE BANK, N.A.           :
                              :
          Defendants.         :
_____:

**KUGLER**, United States District Judge:

      This matter comes before the Court on a motion by Plaintiff Robert A. Jones ("Plaintiff") for preliminary approval of a proposed class action settlement.  Specifically, Plaintiff moves for an order: (1) preliminarily approving the proposed class settlement; (2) certifying the settlement class for purposes of the proposed settlement; (3) directing that notice of the proposed settlement be given to members of the settlement class; and (4) setting a date for formal hearing on the proposed settlement.  Defendants Commerce Bancorp, Inc. and Commerce Bank (collectively "Commerce" or "Defendant") do not oppose the motion.  For the reasons set forth below, the Court grants Plaintiff's motion.

**I.  Background**

Plaintiff states in the Second Amended Class Action Complaint (the "Complaint") that five middle and upper-level Commerce Bank employees obtained confidential customer account information, including account numbers and balances, from the bank's computer database and sold the information to Orazio Lembo ("Lembo").  (Compl. ¶¶ 11-14.)  Lembo then sold this information to third parties, including as many as forty debt collection entities.  (Compl. ¶ 12.)  The Hackensack Police Department arrested the involved Commerce employees on April 27, 2005.  (Compl. ¶ 11.)  According to the police, the employees sold confidential information to Lembo over a four-year period.  (Compl. ¶ 15.)  Lembo possessed confidential banking information of over a half a million bank customers, including numerous Commerce customers (Compl. ¶ 16.)

The police told Commerce the names of its customers whose information Lembo possessed.  (Compl. ¶ 17.)  Commerce then sent a form notice to affected customers, including Plaintiff, which stated that "confidential account information" may have been "inappropriately viewed or misused by former bank employees."  (Compl. ¶ 18.)  The notice did not mention that the arrested employees were actually current employees, that they obtained the confidential information from Commerce records, or that they resold the information to Lembo.  (Compl. ¶¶ 19-21.)

2

Commerce did not offer to change account numbers, provide free checks, or provide credit monitoring services to customers with compromised accounts; rather, Commerce suggested these customers place a fraud alert on their credit reports. (Compl. ¶¶ 22-24.)

Plaintiff alleges that Commerce had a legal duty to take reasonable steps to protect customer account information from unauthorized access, use, or distribution by Commerce employees and to promptly alert customers when this occurred. (Compl. ¶ 25.) Plaintiff further alleges that Commerce failed to take adequate precautions to safeguard customer information. (Compl. ¶ 27.)

Plaintiff alleges counts of negligence, invasion of privacy, breach of the common law duty of bank confidentiality, violation of the New Jersey Consumer Fraud Act, breach of contract, breach of express warranty, and violations of N.J.S.A. §§ 2A:38A-3 and 2A:38A-5. The proposed settlement stipulates that Commerce provide new bank account numbers, purchase new checks bearing the new account numbers, and purchase credit monitoring services to detect fraud on behalf of Plaintiff and the class he represents.

**II. Preliminary Approval of Proposed Class Action Settlement**

Review of a proposed class action settlement is a two-step process: preliminary approval and a subsequent fairness hearing. <u>In re Initial Pub. Offering Sec. Litig.</u>, 226 F.R.D.

3

186, 191 (S.D.N.Y. 2005). Courts make a preliminary evaluation of the fairness of the settlement, prior to directing that notice be given to members of the settlement class. In re Nasdaq Mkt. Makers Antitrust Litig., 176 F.R.D. 99, 102 (S.D.N.Y. 1997). Preliminary approval is not binding, and it is granted unless a proposed settlement is obviously deficient. Cf. Wal-Mart Stores, Inc. v. Visa U.S.A., Inc., 396 F.3d 96, 116 (2d Cir. 2005) (quoting Manual for Complex Litigation, Third, § 30.42 (West, 1995)) ("A presumption of fairness, adequacy, and reasonableness may attach to a class settlement reached in arm's-length negotiations between experienced, capable counsel after meaningful discovery."); In re Nasdaq Mkt. Makers Antitrust Litig., 176 F.R.D. at 102 (quoting Manual for Complex Litigation, Third, § 30.41 (West, 1995)) ("Where the proposed settlement appears to be the product of serious, informed, non-collusive negotiations, has no obvious deficiencies, does not improperly grant preferential treatment to class representatives or segments of the class and falls within the range of possible approval, preliminary approval is granted.").

The standards for preliminary approval are met in this case. The proposed settlement appears to be the result of serious negotiation between counsel for Plaintiff and Defendant. Furthermore, Commerce agreed in the proposed settlement to provide virtually all of the relief sought in the Complaint.

(Pl.'s Br. 7). The proposed settlement is thus clearly reasonable and does not present any obvious deficiency. Lastly, the proposed settlement does not appear to unreasonably favor class representatives or any segment of the class. The Court emphasizes that the reasonable amount of payments to the class representative and class counsel are subject to approval.

**III. Certification of Settlement Class**

Plaintiff moves, pursuant to Federal Rule of Civil Procedure 23, to certify a settlement class of "all Commerce Bank Customers who received a form notice from Commerce Bank" informing them of a security breach of their confidential information.

### 1. <u>Standard for Class Certification</u>

(a) One or more members of a class may sue or be sued as representative parties on behalf of all only if (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

(b) An action may be maintained as a class action if the prerequisites of subdivision (a) are satisfied, and in addition:

. . .

(3) the court finds that the questions of law or fact common to the members of the class predominate over any

> questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy. The matters pertinent to the findings include: (A) the interest of members of the class in individually controlling the prosecution or defense of separate actions; (B) the extent and nature of any litigation concerning the controversy already commenced by or against members of the class; (C) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; (D) the difficulties likely to be encountered in the management of a class action.

Fed. R. Civ. P. 23.

### 2. Class Certification

Plaintiff argues that the putative class in this case meets each of the four requirements of Rule 23(a) for class certification: (1) numerosity, (2) commonality, (3) typicality, and (4) adequacy of representation. In addition, Plaintiff argues, citing Rule 23(b)(3), that the action is maintainable because questions of law and fact common to the class predominate over questions affecting only individual members and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

Numerosity is satisfied because there are more than 1700 putative class members. There is no threshold number necessary to satisfy the numerosity requirement, but courts in this Circuit generally hold that classes of close to one hundred

members are sufficient.  See Eisenberg v. Gannon, 766 F.2d 770, 785-86 (3d Cir. 1985) ("The allegation of more than [ninety] geographically dispersed plaintiffs met the numerosity requirement . . . ."); Weiss v. York, 745 F.2d 786, 809 (3d Cir. 1984) (determining that a ninety-two plaintiff class was sufficiently numerous to satisfy Rule 23(a)(1)); Id. at 809 n.35 (stating that numbers exceeding one hundred will, with exception, sustain the numerosity requirement).  Here, the potential class is approximately seventeen times larger than classes considered sufficiently numerous by courts in this Circuit.  Due to the size of the class, and because Defendant does not challenge certification under the numerosity requirement, Plaintiff satisfies numerosity.

Plaintiff further demonstrates commonality.  To demonstrate commonality, plaintiff needs to show that "at least one common question of fact or law exists among the putative class."  Stewart v. Abraham, 275 F.3d 220, 227 (3d. Cir. 2001).  Class members do not need to share identical claims or claims arising from the same factual scenario.  See In re Prudential Ins. Co. of Am. Sales Practice Litig. Agent Actions, 148 F.3d 283, 310-11 (3d Cir. 1998) (stating that a finding of commonality does not require that all class members share identical claims); Baby Neal v. Casey, 43 F.3d 48, 57 (1994) ("[F]actual differences among the claims of the putative class members do not defeat

7

certification."). In this case, putative class members received the same letter, sent pursuant to the same circumstances. Because there is a common issue of law arising from the same factual scenario, and due to the fact that Defendant does not challenge commonality, Plaintiff satisfies the commonality requirement.

Likewise, Plaintiff satisfies the typicality requirement. A named Plaintiff's claims are typical where each class member's claims arise from the same course of events and each class member makes similar legal arguments to prove the defendant's liability. Robinson v. Metro-North Commuter R.R. Co., 267 F.3d 147, 155 (2d Cir. 2001). The typicality requirement precludes certification of classes where the legal theory of the named plaintiff potentially conflicts with the legal theory of the absentees; it requires that common claims are comparably central to the named and absentee party claims. Baby Neal, 43 F.3d at 57. Typicality ensures that the interest of the class and class representative are aligned so that the latter works to remedy the injuries to the former. Id. Because Plaintiff's "essential legal claim" (that Defendant breached its legal duty to protect customer account information and to promptly alert customers when the security breach occurred) and the "factual matrix that suggests this claim" (the form letter itself) are the same as those of all plaintiffs in the proposed

class, Plaintiff demonstrates typicality.  See Weiss v. York Hosp., 745 F.2d 786, 810 (3d Cir. 1984).  In addition, Defendant does not challenge typicality.

Plaintiff further demonstrates adequacy of representation.  Adequacy of representation is a two-part inquiry that applies to both Plaintiff's counsel and Plaintiff.  First, adequacy of representation asks whether plaintiff's attorney is qualified, experienced, and able to conduct the litigation.  In re Prudential, 148 F.3d at 312 (citing In re Gen. Motors Corp. Pick-Up Truck Fuel Tank Prod. Liab. Litig., 55 F.3d 768, 800 (3d Cir. 1995)).  Second, "it serves to uncover conflicts of interest between the named parties and the class they seek to represent."  In re Prudential, 148 F.3d at 312 (citing Amchem Products v. Windsor, 521 U.S. 591, 594 (1997)).  In this case, Plaintiff shows that his attorneys are qualified, experienced, and generally able to conduct this litigation, and because Plaintiff shares the class interest in establishing that Commerce breached its legal duty, Plaintiff is an adequate class representative.  As with the other prongs of the analysis, Defendant does not challenge the adequacy of representation.

Thus, Plaintiff establishes the Rule 23(a) elements of numerosity, commonality, typicality, and adequacy of representation.  Rule 23(b)(3) requires the district court to make two additional findings: predominance and superiority.  For

class certification, common questions of law and fact must predominate over questions affecting only individual members.  <u>In re Prudential</u>, 148 F.3d at 314  Furthermore, the class action device must be superior to all other available means of handling the litigation.  <u>Id.</u>  Class treatment is superior where individual claims are small or modest.  <u>Id.</u> at 315.  As to the element of predominance, Plaintiff argues that the class "was affected and treated uniformly and will be treated thus under the terms of the proposed settlement."  (Pl.'s Br. 10.)  Plaintiff further points out that class action is the best method for this claim because "where, as here, the claims reflect a lack of monetary damages, superiority is readily satisfied."  (<u>Id.</u>)  There is no evidence that any litigation concerning this controversy, other than Plaintiff's individual complaint, has already commenced; further, there is no evidence that this forum is an undesirable one for the concentration of this litigation, or that the management of this class action would present any particular difficulties.  In light of Defendant's failure to challenge these assertions, this Court holds that Plaintiff has met the predominance and superiority requirements under Rule 23(b)(3).

Because the proposed class meets the requirements of Rule 23(a) and (b)(3), the class is suitable for certification.  However, a court that certifies a class must appoint class

10

counsel.  Fed. R. Civ. P. 23(g)(1)(A).  In appointing class counsel, the court <u>must</u> consider "the work counsel has done in identifying or investigating potential claims in the action," "counsel's experience in handling class action and other complex litigation," "counsel's knowledge of the applicable law," and "the resources counsel will commit to representing the class."  Fed. R. Civ. P. 23(g)(1)(C)(i)(emphasis added).  While Plaintiff's counsel does not specifically provide evidence of any of these considerations, the Court acknowledges that counsel possesses experience handling class actions and other complex litigation, counsel investigated potential claims and developed legal theories to support those claims, and counsel appears familiar with the applicable laws.  See <u>Bristow v. Lycoming Engines</u>, No. 06-1947, 2007 WL 1752602, at *5 (E.D. Cal. June 15, 2007).  Accordingly, this Court can appoint class counsel and certify the class.

**III. Approval of Class Notice**

Plaintiff moves, pursuant to Federal Rule of Civil Procedure 23, that this Court direct notice to all class members.  The Court "must direct notice in a reasonable manner to all class members who would be bound by a proposed settlement, voluntary dismissal, or compromise." Fed. R. Civ. P. 23(e)(B).  Plaintiff submitted a proposed notice of class certification and settlement, with opt-out instructions, and a proposed claim form.

11

The Court approves both documents.

The proposed class certification and settlement notice appears to give class members a fair opportunity to consider the proposed settlement and raise objections.  The notice reasonably inform class members of: (1) appropriate information regarding the litigation, the class, the class representative, class counsel, and the essential terms of the settlement agreement; (2) appropriate information about counsel's forthcoming application for attorney's fees; (3) appropriate information about how to participate in the settlement; (4) appropriate information about this Court's final approval procedure; and (5) appropriate information about how to challenge or opt-out of the settlement. See Rosenburg v. IBM Corp., No. 06-00430, 2007 WL 128232, at *5 (N.D. Cal. Jan. 11, 2007).  Furthermore, the objection process is spelled out in detail and the notice states with specificity that class members may object to the settlement, the class representative, the class counsel, the award of attorney's fees, and the award to the class representative.  The notice is clear that class members need to complete a claim form to receive the benefits of the settlement, and the claim form adequately informs class members of the process they must follow.  Lastly, the proposed distribution of notice to class members by first class mail is reasonable because no alternative method of distribution is more likely to notify class members who may not receive notice

pursuant to the proposed distribution plan.

**IV. Final Approval Hearing**

The Court schedules a hearing to determine whether to grant final approval of the proposed settlement for Monday, October 15, 2007 at 9:30 AM.

**IV. Conclusion**

For the foregoing reasons, the Court grants Plaintiff's motion and preliminarily approves the proposed class action settlement, certifies the settlement class, directs that notice be given to members of the settlement class, and sets a date for the final settlement hearing.

Dated: 7/16/2007                    s/Robert B. Kugler
                                    ROBERT B. KUGLER
                                    United States District Judge